IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JAMON DEMETRIUS JACKSON; CHRISTOPHER BROWN; WALTER WILLIAMS; BLAKE HARRIS; and TRAVIS CUMMINGS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 619-085 |
| COMMISSIONER TIMOTHY C. WARD and WARDEN TERRENCE KILPARTRICK, | ) ) ) | |
| Defendants. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiffs, incarcerated at Smith State Prison in Glennville, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se* and Plaintiff Jamon Demetrius Jackson filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 2.)

### I.    BACKGROUND

Plaintiffs commenced this case by submitting an eighteen-page handwritten complaint to the Clerk of Court in the Southern District of Georgia. (Doc. no. 1.) Generally, Plaintiffs' complaint raises 42 U.S.C. § 1983 claims against Defendants regarding prison conditions. All Plaintiffs signed the complaint, but only Plaintiff Jackson filed a motion to proceed IFP. (See doc. no. 1, p. 4; doc. no. 2.)

## II. DISCUSSION

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. Id. at 1198. The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

In this case, Plaintiffs are in a position similar to the plaintiffs in Hubbard. Allowing them to proceed together in this action would permit them to divide the filing fee between themselves and defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma

2

pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)).

Furthermore, "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of portion of petitioner's complaint seeking relief on behalf of fellow inmates).[2] Simply put, *pro se* Plaintiffs proceeding IFP shall not be permitted to bring an action on behalf of other prisoners. Wallace, 145 F. App'x at 302 (11th Cir. 2005).

However, the Court recognizes Plaintiffs are proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases. In accordance with the procedure affirmed by the Eleventh Circuit in Hubbard, the Court **REPORTS** and **RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, the **CLERK** be **DIRECTED** to file and docket the instant complaint in five new lawsuits, with the same filing dates and five separate case numbers, and the **CLERK** be **DIRECTED** to file and docket Plaintiff Jackson's motion to proceed IFP into the new case number associated with him. Once the five new lawsuits are opened, all Plaintiffs, except for Plaintiff Jackson, must submit their own motions to proceed IFP or pay the full filing fee

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

within twenty-one days of the date the Clerk opens the case.

SO REPORTED and RECOMMENDED this 24th day of September, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA